Filed 10/14/14  P. v. Herrera CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073169 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F05197) |
| v. | |
| JOSHUA SAMUEL HERRERA, | |
| Defendant and Appellant. | |

A jury found defendant Joshua Samuel Herrera guilty of assault with a deadly weapon while confined in prison (Pen. Code, § 4501; count one)[1] and possession of a

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

sharp instrument while confined in prison (§ 4502, subd. (a); count three).[2]  In a bifurcated proceeding, the trial court found that defendant had suffered a June 2006 robbery conviction.  Defendant was sentenced to prison for eight years (twice the middle term) consecutive to the term he was then serving.

Defendant contends his count one conviction must be reversed because (1) there was insufficient evidence that he was confined in prison "by order made pursuant to law" within the meaning of section 4504, subdivision (a), and (2) the jury was not instructed to determine whether he was so confined by such order.  Defendant also claims the trial court imposed a $240 restitution fine in violation of ex post facto principles.  We modify the judgment and affirm.

## FACTS

At California State Prison, Sacramento on September 7, 2010, two "northern Hispanic inmates," defendant and codefendant Michael Rodriguez, got into a fight with an African American inmate, Phaynes Reeda.  Correctional officers saw defendant and Rodriguez punching Reeda and "getting the better" of him in the fight.  Reeda was "covered in blood," with blood on his neck and back, and "there was a puddle below his feet."  Defendant and Rodriguez were the aggressors in the fight, lunging toward Reeda as he backed away.  Officers did not see anything in defendant's hands.

Defendant and Rodriguez were told repeatedly to get down on the ground.  Officers used pepper spray and a nonlethal 40-millimeter baton round before the duo went to the ground.  As the fighting stopped and defendant started to get on the ground, he made a throwing motion and one or two weapons landed on the floor in front of a cell.  Two prison-made weapons were found on the floor near the cell.  One weapon bore a

---

[2]  Counts two and four alleged the same two offenses against codefendant Michael Rodriguez.  During jury selection, Rodriguez pleaded no contest to possessing a sharp instrument while confined in prison.

substance that appeared to be blood.  Two plastic sheaths into which the weapons fit were found in the bottoms of two different trash cans.  A third weapon was found taped to the underside of a stairwell.

Reeda suffered four puncture wounds on his back and additional wounds to his neck and head consistent with an inmate-manufactured stabbing device.  Reeda also had a defensive wound to his hand.  Defendant had a possible swollen lip, but otherwise he and Rodriguez were uninjured.

## DISCUSSION

## I

### *Sufficiency of Evidence*

Defendant contends his count one conviction is not supported by sufficient evidence that he was confined in prison by an order made pursuant to law.  We disagree.

### A.      Standard of Review

"On appeal, the test of legal sufficiency is whether there is substantial evidence, i.e., evidence from which a reasonable trier of fact could conclude that the prosecution sustained its burden of proof beyond a reasonable doubt.  [Citations.]  Evidence meeting this standard satisfies constitutional due process and reliability concerns.  [Citations.]

"While the appellate court must determine that the supporting evidence is reasonable, inherently credible, and of solid value, the court must review the evidence in the light most favorable to the [judgment], and must presume every fact the jury could reasonably have deduced from the evidence.  [Citations.]  Issues of witness credibility are for the jury.  [Citations.]"  (*People v. Boyer* (2006) 38 Cal.4th 412, 479-480 (*Boyer*).)

### B.      Elements of the Count One Offense

Section 4501 provides:  "Except as provided in Section 4500 [regarding prisoners undergoing a life sentence], every person confined in a state prison of this state who commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury, shall be guilty of a felony and

3

shall be imprisoned in the state prison for two, four, or six years to be served consecutively."

Section 4504 provides: "For purposes of this chapter:

"(a) A person is deemed confined in a 'state prison' if he is confined in any of the prisons and institutions specified in Section 5003 by order made pursuant to law, including, but not limited to, commitments to the Department of Corrections or the Department of the Youth Authority, regardless of the purpose of such confinement and regardless of the validity of the order directing such confinement, until a judgment of a competent court setting aside such order becomes final.

"(b) A person is deemed 'confined in' a prison although, at the time of the offense, he is temporarily outside its walls or bounds for the purpose of serving on a work detail or for the purpose of confinement in a local correctional institution pending trial or for any other purpose for which a prisoner may be allowed temporarily outside the walls or bounds of the prison, but a prisoner who has been released on parole is not deemed 'confined in' a prison for purposes of this chapter."

C.     Analysis

Black's Law Dictionary (9th ed. 2009) at pages 477-478 sets forth the following definitions of the word "deem": "1. To treat (something) as if (1) it were really something else, or (2) it has qualities that it does not have . . . . 2. To consider, think, or judge . . . ."

Section 4504 applies the word "deem" to two aspects of section 4501. First, in subdivision (a), the statute *deems* a person to be confined in *state prison* if the person is, in fact, confined *either* in a specified prison *or* a specified institution other than a prison. The person is so deemed *provided that* the confinement is by "order made pursuant to law," regardless of the confinement's purpose and regardless of that order's validity, "until a judgment of a competent court setting aside such order becomes final."

4

Second, in subdivision (b), section 4504 sets forth conditions in which a person is *deemed* to be *confined* even though the person is not behind prison walls but is serving on a work detail or is in local custody pending trial.

" '[W]hen construing statutes, our goal is " ' "to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law." ' " [Citation.]' [Citation.]" (*People v. Johnson* (2013) 57 Cal.4th 250, 260 (*Johnson*), quoting *People v. Albillar* (2010) 51 Cal.4th 47, 54-55.) The obvious purpose of section 4504 is to *eliminate or reduce the need to litigate* a host of issues, including the nature of the relevant institution, the purpose of the confinement, the validity of the order directing confinement, and the purpose for allowing a prisoner to be outside of prison bounds. There is no indication of legislative intent to *require litigation of additional elements* not set forth in section 4501.

In this case, the evidence established without contradiction or dispute that, for purposes of section 4501, defendant *was* "confined" behind institutional walls and the location of his confinement *was* "state prison." Because defendant *was* confined in prison, there was no need to treat defendant's confinement "as if . . . it were really something else." (Black's Law Dict., *supra*, p. 477.) There was no need to apply the interpretive tools of section 4504, and the prosecution had no obligation to present the evidence that those tools would have required.

Defendant's argument treats section 4504, subdivision (a) not as providing an interpretive tool but as adding an element to the section 4501 offense. In defendant's view, the prosecution's prima facie case of violation of section 4501 must include proof that the person is confined "by order made pursuant to law," and absent such proof the judgment must be reversed regardless of the abundance of other evidence showing confinement in state prison. Defendant's interpretation of section 4504, subdivision (a) lacks merit because it does not effectuate the Legislature's evident intent (*Johnson*, *supra*, 57 Cal.4th at p. 260) and because it deprives the word "deem" of significance

5

(*People v. Cobb* (2010) 48 Cal.4th 243, 253; cf. *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1118).  Nothing in *People v. Watson* (2007) 42 Cal.4th 822, 826, on which defendant relies, requires that section 4504, subdivision (a) be construed as adding an element to section 4501.

The remaining question is whether there was substantial evidence that defendant was confined in state prison.  The answer is yes.  Six witnesses testified without contradiction that defendant was confined in California State Prison, Sacramento at the time of the offense.  Defendant concedes that two correctional officers testified they recognized him as an inmate within the C facility of California State Prison, Sacramento at the time of the incident.  There was no need to "deem" defendant confined in state prison because the uncontradicted testimony established that he was, in fact, in state prison within the meaning of section 4501.  (*Boyer*, *supra*, 38 Cal.4th at pp. 479-480.)

## II

### *Jury Instructions*

Defendant contends the trial court failed to instruct the jury correctly on the elements of count one.  Relying on his previous argument, defendant claims the People were obligated to prove that his confinement was "due to 'an order made pursuant to law.' "  (See part I, *ante*.)  From this premise, defendant claims the trial court erred when it modified the pattern version of CALCRIM No. 2721 by deleting its reference to an "order made according to law" and simply stating "[a] person is confined in a State Prison if he is confined in a California State Prison."

Having already rejected the premise of defendant's argument, we now conclude that his instructional claim has no merit.

## III

### *Restitution Fine*

Defendant contends the trial court violated the ex post facto clauses of the federal and state Constitutions when it orally imposed what it termed a "minimum restitution

6

fine" in the amount of $240 for his offenses in September 2010 when the minimum restitution was only $200. He reasons that "[b]ecause the trial court intended to impose the minimum fine, and the minimum fine at the time of the incident in this case was $200, the fine should be reduced to $200." We modify the judgment.

**Background**

Defendant committed his crimes in September 2010. He was charged in July 2011. A jury found him guilty in November 2012.

At sentencing in February 2013 the trial court stated: "In addition, I'm going to impose a minimum restitution fine of [$]200, I think it is $240 I'm required to impose. I will stay an additional $200 minimal restitution fine. In addition, any other mandatory fines are imposed. Any discretionary fines are stricken."

The minute order from sentencing states: "200.00 REST FUND PURS TO 1202.4 [¶] 200.00 REST FINE STAYED."

The abstract of judgment reflects a $200 restitution fine and a $200 restitution fine suspended unless parole is revoked.

**Analysis**

Section 1202.4 requires the trial court to impose a restitution fine. Pursuant to ex post facto principles, the amount of a restitution fine is determined as of the date of the offense. (*People v. Souza* (2012) 54 Cal.4th 90, 143.) Defendant's offense occurred in 2010 when the minimum restitution fine for a felony was $200. Effective January 1, 2012, the minimum fine was increased from $200 to $240. (§ 1202.4, subd. (b)(1).)

The People contend that because the minute order and the abstract of judgment both reflect a $200 restitution fine, "it does not appear that there is any error in need of correcting." But in an abundance of caution, we will modify the judgment to impose a $200 restitution fine. The parole revocation restitution fine was imposed and stayed in that amount and needs no modification. Because the minute order and the abstract of

judgment serendipitously reflect a $200 restitution fine, no amendment of the abstract is required.

## DISPOSITION

The judgment is modified to impose a $200 restitution fine.  As so modified, the judgment is affirmed.


                RAYE          , P. J.


We concur:


        BUTZ           , J.


       MAURO        , J.

8